**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4085

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY ANDRE WATSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-02-77-DKC)

Submitted: December 18, 2003          Decided: January 15, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William W. Kanwisher, LAW OFFICES OF WILLIAM W. KANWISHER, Baltimore, Maryland, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, Daphene Rose McFerren, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Andre Watson seeks to appeal his conviction, pursuant to a written plea agreement, and 121-month sentence for distributing less than five grams of cocaine base. The Government has moved to dismiss the appeal as waived.[*] The plea agreement specifically included a waiver of Watson's right to appeal his sentence. A waiver of appeal provision in a valid plea agreement is enforceable if it resulted from a knowing and intelligent decision to forgo an appeal. United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews de novo the validity of a waiver. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000). We conclude that Watson knowingly agreed to the waiver. Therefore, we grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Counsel for Watson initially responded by conceding the merit of the Government's position. The court ordered counsel to verify that Watson agreed to drop his appeal. See 4th Cir. R. 42. Watson did not consent to the dismissal, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).